UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM A. DAVY, JR., )
)
    Plaintiff, )
)
v. ) Civ. No. 00-2134 (RJL)
)
CENTRAL INTELLIGENCE )
AGENCY, )
)
    Defendant. )

## MEMORANDUM OPINION
(April 20, 2007)(#86)

In 1993, William Davy[1] submitted a FOIA request to the CIA seeking documents relating to two CIA programs that Mr. Davy believed were related to the Kennedy assassination. The documents were never produced and in September 2000 Davy filed suit to compel production. That suit was dismissed (with leave to amend) as time-barred.

In November 2000, Davy submitted a second FOIA request. In January 2001, he amended his complaint to include claims arising from this second request.[2] In March 2001, the CIA and Mr. Davy entered into an agreement under which the CIA would provide Davy the requested documents. That agreement was memorialized in an order by this Court in May, 2001.

---

[1] Davy is the author of *Let Justice Be Done*, a book about the alleged involvement of the CIA in the Kennedy assassination.

[2] Although the Amended Complaint included claims relating to Davy's 1993 FOIA request, those claims were dismissed, leaving only claims relating to the 2000 request.

1



The parties subsequently cross-moved for summary judgment. In July 2004, this Court granted the CIA's motion for summary judgment, concluding that the scope of the CIA's search was reasonable. Davy then moved for attorney's fees which this Court denied via minute order. Davy appealed the denial of attorney's fees and in July 2006, our Circuit Court reversed this Court, concluding that Davy had "substantially prevailed" in his FOIA action and, therefore, was "eligible" for attorney's fees under 5 USC § 552(a)(4)(E). The Circuit Court remanded the issue to this Court for a determination of whether Davy was "entitled" to those fees. For the following reasons the Court concludes that he is not and, therefore, will DENY Davy's motion for attorney's fees.

## ANALYSIS

In deciding whether to assess attorney's fees under FOIA, district courts must determine that the plaintiff is both "eligible" and "entitled" to those fees. *Tax Analysts v. U.S. Dept. of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992). A plaintiff is "eligible" for fees if "the complainant has substantially prevailed" in his action. 5 U.S.C. § 552(a)(4)(E); *Tax Analysts,* 965 F.2d at 1093. Whether the plaintiff is "entitled" to an award, however, depends on a balancing of four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding. *Tax Analysts,* 965 F.2d 1092, 1093-1094. "The sifting of those criteria over the facts of a case is a matter of district court discretion." *Id* at 1094. Here, for the following reasons, the

balance weighs against entitlement

As for the public benefit factor, it is generally satisfied if the plaintiff's victory is likely to add to the public fund of information that citizens may use in making vital political choices. *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir.1995); *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir.1979). Insofar as Davy's FOIA request and subsequent litigation were intended to compel disclosure of information relating to the activities of a government agency (the CIA) in relation to a significant historical event, this factor favors the plaintiff.

The commercial benefit and nature of a plaintiff's interest in disclosure factors, however, favor the Government. Indeed, our Circuit Court has concluded that when a litigant seeks disclosure for a commercial benefit, or out of other personal motives, an award of attorney's fees is inappropriate. *Tax Analysts*, 965 F.2d at 1095. Here, the documents Davy requested were used to research a book Davy later published. Although the book is now out of print and was, presumably, a limited commercial success, Davy's interest in the records was clearly commercial. Accordingly, these two closely related factors, when viewed together, favor the Government. *Cotton*, 63 F.3d at 1120

That leaves only the final factor in the entitlement analysis: the reasonableness of the government agency's legal basis for withholding the requested documents. Where the agency's interpretation of its legal right to withhold information is correct as a matter of law, fees should not be awarded. *Cotton*, 63 F.3d at 1117. Where the agency erroneously

interprets the law, its withholdings will be considered reasonable if the interpretation has a reasonable basis in law. *Id.* at 1121.

Here, Davy submitted his FOIA request in November 2000 and reached an agreement with the CIA in March 2001.[3] Although our Circuit Court held that Davy "prevailed" in his action, there is no basis to conclude that the CIA unreasonably withheld these requested documents. To the contrary, the CIA agreed to disclose the documents within a few months of Davy's second FOIA request, and this Court concluded that the CIA's search and disclosure of information pursuant to that agreement was satisfactory. Accordingly, the final factor also favors the Government.

Accordingly, because the balance of factors weighs in favor of the Government and against finding Davy entitled to those fees, plaintiff's motion for attorney's fees is DENIED.

RICHARD J. LEON
United States District Judge

---

[3] Although plaintiff argues that the CIA unreasonably delayed in producing the documents requested in the 1993 FOIA request and that this withholding militates in favor of attorney's fees, Davy's suit addresses only the November 2000 FOIA request.